UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILANDER S. MCFARLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-cv-01200 |
| ) | (Crim No. 3:03-cr-00042) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the sole remaining claims in Petitioner Philander McFarland's Second Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 27), which were identified in McFarland's Response to Motion to Cancel Sentencing Hearing (Doc. No. 45). For the following reasons, McFarland's § 2255 motion will be denied.

In May 2004, McFarland pled guilty to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (Case No. 3:03-cr-00042, Doc. No. 43.) At sentencing, McFarland acknowledged that he was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), because he had previously been convicted in Tennessee of the following "violent felony" predicate offenses:

- **Aggravated Assault**
  Offense Date: November 14, 1992/ Sentenced: June 30, 1993
  (Criminal Court, Division IV, Nashville, TN, Case No. 93-A-148)

- **Aggravated Robbery and Aggravated Assault**
  Offense Date: March 11, 2000/ Sentenced: March 16, 2001
  (Criminal Court, Division II, Nashville, TN, Case No. 2000-C-1814)

- **Aggravated Burglary**
  Offense Date: May 3, 2000/ Sentenced: March 12, 2001
  (Criminal Court, Division II, Nashville, TN, Case No. 2000-C-1786)

- **Aggravated Burglary**
  Offense Date: May 5, 2000/ Sentenced: March 12, 2001
  (Criminal Court, Division II, Nashville, TN, Case No. 2000-C-1786)

(See Case No. 3:03-cr-00042, Doc. No. 88 at 3–5; see also June 14, 2004 Presentence Investigation Report (hereinafter, "PSR") at ¶ 23.)[1] On August 15, 2005, the Honorable William J. Haynes, Jr. sentenced McFarland to 188 months of imprisonment. (Case No. 3:03-cr-42, Doc. No. 86.)

McFarland subsequently filed a § 2255 motion, which he has twice amended, claiming that some of his convictions no longer qualified as ACCA violent felonies. The Court originally granted McFarland's second amended § 2255 motion on January 29, 2018, finding that in light of Johnson v. United States, 576 U.S. 591 (2015) and United States v. Stitt, 860 F.3d 854 (6th Cir. 2017) (en banc) ("Stitt I"), McFarland's two Tennessee aggravated burglary convictions no longer qualified as violent felonies under the ACCA. (Doc. No. 35 at 4.) But because McFarland was entitled to relief solely under Stitt I's holding "that a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA," 860 F.3d at 856, 862, the Court did not address whether McFarland's aggravated assault and aggravated robbery convictions also qualified as ACCA violent felonies. (See Doc. No. 34 at 1.)

After granting McFarland's § 2255 motion, the Court vacated his original 188-month sentence and scheduled a resentencing hearing. (Case No. 3:03-cr-42, Doc. No. 144 at 1.) The government subsequently filed a motion to stay the resentencing (Doc. No. 149), and the Court granted its request to hold McFarland's criminal case in abeyance while the Supreme Court

---

[1] The United States Probation Office for the Middle District of Tennessee provided a copy of the PSR to the Court at its request.

reviewed Stitt I (see Doc. No. 150 at 1). In December 2018, the Supreme Court in United States v. Stitt, 139 S.Ct. 399, 406 (2018) ("Stitt II") reversed the Sixth Circuit's decision in Stitt I and held that Tennessee's aggravated-burglary statute fell within the scope of generic burglary's definition in the ACCA.

This Court then granted in part the Government's Motion to Cancel Sentencing Hearing and Enter Amended Judgment (Doc. No. 39; see also Case No. 3:03-cr-42, Doc. No. 151) because McFarland's resentencing was based solely on the Sixth Circuit's now-overturned decision in Stitt I, and his two Tennessee aggravated burglary convictions again qualified as violent felonies under the ACCA. (Doc. No. 41; see also Case No. 3:03-cr-42, Doc. No. 153.) However, because McFarland's § 2255 motion asserted other claims unrelated to Stitt I or Stitt II, the Court ordered him to file a response indicating what claims, if any, remain pending before the Court. (Doc. Nos. 41, 42; see also Case No. 3:03-cr-42, Doc. No. 153.)

After some procedural delays that the Court will forgive as a discretionary matter (see Doc. Nos. 42–44, 47–48), McFarland finally responded by arguing that (1) his Tennessee aggravated burglary convictions do not qualify as ACCA violent felonies because the relevant statute defines "entry" in an overbroad manner; and (2) his 1992 Tennessee aggravated assault conviction does not qualify as an ACCA violent felony under any of the clauses in 18 U.S.C. § 924(e)(2)(B). (Doc. No 45; see also Doc. No. 27 at 5–9.) These issues have been fully briefed and are now ripe for review. (See Doc. Nos. 46, 48.)

Having carefully considered McFarland's remaining arguments, the Court finds that they are both barred by binding Sixth Circuit precedent. First, the Sixth Circuit has unequivocally rejected McFarland's "entry" argument and held that a conviction under Tennessee's aggravated burglary statute constitutes an ACCA violent felony. Brumbach v. United States, 929 F.3d 791,

3

795 (6th Cir. 2019); United States v. Brown, 957 F.3d 679, 683–89 (6th Cir. 2020); United States v. Buie, 960 F.3d 767, 771 (6th Cir. 2020). Second, McFarland pled guilty to a 1992 aggravated assault for shooting his uncle multiple times with a semi-automatic pistol[2] (PSR ¶ 26), and the Sixth Circuit has held that "both reckless and intentional aggravated assault in Tennessee qualify as violent felonies" under the ACCA's use-of-force clause. Lowe v. United States 920 F.3d 414, 416 n.1 (6th Cir. 2019) (citing Davis v. United States, 900 F.3d 733, 736 (6th Cir. 2018)); see also United States v. Harper, 875 F.3d 329, 330 (6th Cir. 2017).

Because McFarland's Tennessee convictions for (1) aggravated assault on November 14, 1992; (2) aggravated robbery/assault on March 11, 2000; (3) aggravated burglary on May 3, 2000; and (4) aggravated burglary on May 5, 2000, still qualify as separate ACCA violent felonies under current law, he is not entitled to any relief under § 2255. Accordingly, McFarland's Second Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 27) is **DENIED** and his original 188-month sentence remains intact.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:03-cr-00042.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Based on the nature of McFarland's 1992 aggravated assault conviction, the Court may reasonably infer that he was charged with violating subsection (a) of T.C.A. § 39-13-102.